# BURSOR & FISHER
### P.A.

**1330 AVE. OF THE AMERICAS**  
**32ND FLOOR**  
**NEW YORK, NY 10019**  
**www.bursor.com**

**JOSHUA ARISOHN**  
Tel: **646.837.7408**  
Fax: **212.989.9163**  
**jarisohn@bursor.com**

April 9, 2024

*Via ECF*

The Honorable Philip M. Halpern  
United States District Court  
Southern District of New York  
300 Quarropas Street, Courtroom 520  
White Plains, NY 10601

    **Re**: *Pietres v. Nestle Purina Petcare Company,* **Case No. 7:23-cv-08959**  
    <u>**Pre-Motion Letter re Plaintiffs' Anticipated Motion to Amend Complaint**</u>

Dear Judge Halpern,

    I represent Plaintiffs Adrienne Pietres and Brenda Natoli in the above-referenced matter. Pursuant to 2.C of this Court's Individual Practices, Plaintiffs respectfully submit this letter requesting a pre-motion conference regarding their anticipated Motion to Amend the Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) (the "Motion"). The Proposed First Amended Complaint ("FAC") is attached hereto as **Exhibit 1**. Plaintiffs have conferred with counsel for Defendant Nestle Purina Petcare Company ("Purina" or "Defendant"). Defendant intends to oppose Plaintiffs' anticipated Motion.

    Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] … when justice so requires." "While granting or denying [] leave [to amend] is within the discretion of the district court, [] leave to amend will generally be granted unless: (1) there is evidence of undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would cause undue prejudice to the opposing party; or (3) the amendment would be futile." *In re Pfizer Inc. Sec. Litig.* 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012). To that end, courts in this District routinely grant motions to amend to add or substitute a plaintiff in a class action under Rule 15(a). *See, e.g.*, *Wood v. Mike Bloomberg 2020, Inc.*, 343 F.R.D. 470, 473 (S.D.N.Y. 2023). This is especially true in situations, like here, where the scheduling order's deadline for amending pleadings has not yet passed. *See* ECF No. 21.

    *First*, there is no evidence of undue delay, bad faith, dilatory motive or repeated failure to cure deficiencies here. This is the first time Plaintiffs seek to amend their complaint. Further, the substance of the complaint remains unchanged—Plaintiffs only seek to add an additional named plaintiff: Blair Hoffman. Discovery will be minimally affected as Defendant has had notice of all of Plaintiffs' claims since the initiation of the lawsuit, and the addition of Ms. Hoffman as a named plaintiff does not change the substance of Plaintiffs' claims. Accordingly, this proposed Motion is made as early as practicable and in line with authority from this district. *See, e.g.*, *In re Madison Asset LLC*, 2021 WL 1894032, at *2 (S.D.N.Y. May 11, 2021).

*Second*, Defendants will not be prejudiced by the amendment. Defendant chose not to move to dismiss Plaintiffs' complaint and therefore will not need to amend any such motion. Discovery has just begun, and the addition of Ms. Hoffman as a plaintiff will not unduly prejudice Defendant. Further, Ms. Hoffman was originally part of the putative class and purchased a Product that Plaintiffs had listed in the original complaint—the only difference this proposed amendment will bring is a rearrangement of the seating chart within a single, ongoing action. Ultimately, all that Defendants will "suffer" if amendment is granted is additional briefing expenses to amend their Answer, and "allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice." *Alvarado v. 58 West LLC*, 2021 WL 9793332, at *2 (S.D.N.Y. May 28, 2021) (Torres, J.) (cleaned up).

Notably, Plaintiffs' motion to amend the Complaint and add in Ms. Hoffman as a plaintiff will preserve judicial economy. Ms. Hoffman purchased Product(s) representative of the ones putative class members purchased. With the addition of Ms. Hoffman as a plaintiff, Defendant will be less prone to strike Plaintiffs' claims—in all or in part—based on a lack of representation. Should Plaintiffs have not moved to add in Ms. Hoffman as a plaintiff, Plaintiffs would have needed to file another, separate case with the same claims but based on Products Ms. Hoffman is a representative of. Thus, Ms. Hoffman's addition saves the Court from piecemeal litigation in multiple repetitive lawsuits.

*Third*, Plaintiff's amendment is not futile. Plaintiffs' claims as currently pleaded plausibly state various causes of action. Defendant never moved to dismiss, and Plaintiffs' proposed FAC only provides an additional putative class representative that strengthens the plausibility of those claims. The addition of Ms. Hoffman would only strengthen Plaintiff's allegations, which Defendant did not attempt to move to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g., Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Even if Plaintiff's claims were tested on a motion to dismiss, they would have survived. *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013).

For the foregoing reasons, Plaintiffs' proposed Motion is brought in good faith, will not prejudice Defendants, is not futile, and should be allowed by the Court.

Respectfully submitted,

Joshua Arisohn

CC: All Counsel of Record (Via ECF)