# King & Spalding

King & Spalding LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Tel: +1 213 443 4355
Fax: +1 213 443 4310
www.kslaw.com

Keri E. Borders
Partner
Direct Dial: +1 213 443 4393
Direct Fax: +1 213 443 4310
KBorders@KSLAW.com

May 6, 2024

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**RE:** *Pietres, et al. v. Nestlé Purina PetCare Company*, No. 7:23-cv-08959

Dear Judge Halpern:

On behalf of Nestlé Purina PetCare Company ("Purina"), we seek permission to file a motion to dismiss plaintiffs' amended complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6). On April 29, 2024, plaintiffs were advised by letter of the basis for Purina's anticipated motion. On April 30, 2024, plaintiffs responded that they will oppose Purina's motion.

Plaintiffs Adrienne Pietres, Brenda Natoli, and Blair Hoffman allege that they were misled by "natural with added vitamins & minerals" labeling on different Purina products. Each plaintiff alleges that they purchased one, and only one, one Purina product: (1) *ONE +Plus* Indoor Advantage Real Salmon #1 Ingredient Dry Cat Food; (2) *Beyond* Grain Free Wild Salmon Recipe Pâté Wet Cat Food; and (3) *Fancy Feast* Gourmet Naturals Natural Rainbow Trout Recipe Wet Cat Food. *See* FAC at ¶¶ 9-11. *ONE*, *Beyond*, and *Fancy Feast* are entirely different brands, and the products sold within each brand are composed of different ingredients and are marketed with different label statements to different consumers who desire different

RE: *Pietres, et al. v. Nestlé Purina PetCare Company*, No. 7:23-cv-08959
May 6, 2024
Page 2

attributes in pet food. *See id*. at ¶ 13 (depicting products); *see also id.* at ¶¶ 9-11 (stating different prices paid for the products). Despite these facts, plaintiffs challenge **70** different Purina cat food products, including a brand, Cat Chow Naturals that no plaintiff purchased, and at least ten distinct ingredients, not all of which are in a product they purchased. *See* FAC ¶¶ 3, 18.

***Plaintiffs Lack Standing To Pursue Their Claims.*** Plaintiffs lack Article III standing to bring claims as to products included in brand lines that they did not purchase (Cat Chow Naturals) or to challenge the deceptiveness of labeling based on ingredients and products they did not purchase because they cannot allege an injury in fact. *See In re Whole Foods Mkt. Grp., Inc. Overcharging Litig.*, 397 F. Supp. 3d 406, 423 (S.D.N.Y. 2019) (plaintiffs cannot allege only "that a product line contains a defect," but "must allege that *their* product *actually exhibited* the alleged defect").

None of the plaintiffs purchased a single Cat Chow Naturals branded product. They do not even allege that they viewed the labeling or advertising for those products. Indeed, it seems that plaintiffs rely solely on the fact that Purina manufactures that brand of pet food. But the fact that Purina manufactures multiple brands of pet food does not confer standing on plaintiffs as to every product manufactured by Purina. In addition, plaintiffs suffered no injury regarding the presence of ingredients like glycerin and Dl-mentionine in products labeled "natural," because they never purchased such a product. Plaintiffs' claims are not "nearly identical" to those of consumers who purchased products from that brand or who challenge that ingredient because the arguments and defenses relating to those products are completely different. *See DiMuro v. Clinique Lab'ys, LLC*, 572 F. App'x 27, 29 (2d Cir. 2014); *Hart v. BHH, LLC*, 2016 WL 2642228, at *4 (S.D.N.Y. May 5, 2016) (Plaintiffs do not have "free reign to bring lawsuits

RE: *Pietres, et al. v. Nestlé Purina PetCare Company*, No. 7:23-cv-08959
May 6, 2024
Page 3

regarding products they never purchased. Here, as in [*DiMuro*], claims brought by a purchaser of Pest Repellers would not raise 'nearly identical' concerns to the claims of a purchaser of Animal Repellers.").

***Plaintiffs' Claims Are Not Plausible.*** Plaintiffs' assertion that certain of the challenged products are mislabeled as "natural" because they contain the allegedly synthetic ingredients glycerin and xanthan gum is insufficient. Plaintiffs assert that they understood "natural" to mean that the products they purchased did not "contain any synthetic ingredients." *See, e.g.,* FAC ¶¶ 9, 10, 11. Plaintiffs do not present a plausible definition of a "synthetic" ingredient, much less that glycerin or xanthan gum are "synthetic" and not natural. This defect alone is fatal to their claim. *See Hoffman v. Kraft Heinz Foods Company*, 2023 WL 1824795, at *8 (S.D.N.Y. February 7, 2024) (conclusory allegations that an ingredient is artificial is insufficient; specific, factual allegations demonstrating that the ingredient is artificial are required).

There are no factual allegations in the FAC that demonstrate or provide any factual basis for the conclusion that the ingredients xanthan gum and glycerin are "synthetic." Plaintiffs' theory of deception is based on the conclusory assertion that these ingredients appear on a list of ingredients defined by USDA to be "synthetic" that are allowed to be used in foods labeled as organic. *See* ¶ 18. But there is no plausible allegation, nor could there be, that plaintiffs or other reasonable consumers knew or understand USDA's definitions for organic ingredients, much less are deceived because an ingredient in pet food labeled natural appears on the organic list of permitted synthetic ingredients.

USDA's definition of what constitutes a synthetic ingredient is complicated and, relevant here, provides that a substance (like glycerin and xanthan gum) removed from naturally

RE: *Pietres, et al. v. Nestlé Purina PetCare Company*, No. 7:23-cv-08959
May 6, 2024
Page 4

occurring plants, animals, or mineral sources is considered synthetic if, during the extraction or processing a chemical reaction occurs. 7 C.F.R. § 205.2. Of course, that differs from AAFCO's definition of "natural" as used on the labels of pet food products that provides that ingredients "derived solely from plant, animal or mined sources, either in its unprocessed state or having been subject to physical processing, heat processing, rendering, purification, extraction, hydrolysis, enzymolysis or fermentation, but not having been produced by or subject to a chemically synthetic process and not containing any additives or processing aids that are chemically synthetic except in amounts as might occur in good manufacturing practices."[1] Glycerin and xanthan gum are produced by hydrolysis and fermentation, respectively, and thus considered natural ingredients.

      The FAC does not, nor could it, plausibly allege that plaintiffs (or reasonable consumers) are aware of USDA regulations, much less that they are deceived about the challenged product labeling because of the alleged difference between the natural standards set by USDA for organic foods (that are not at issue here) and the AAFCO standards for labeling of pet food (which are at issue). Accordingly, plaintiffs cannot plausibly allege that they have been deceived. *See Hardy v. Olé Mexican Foods, Inc.*, 2023 WL 3577867, at *3 (2d Cir. May 22, 2023) ("*Mantikas* reaffirmed that we will 'consider the challenged advertisement as a whole, including disclaimers and qualifying language' and that 'context is crucial' in evaluating deceptive-marketing claims."); *Foster v. Whole Foods Mkt. Grp., Inc.*, 2023 WL 8520270, at *2 (2d Cir. Dec. 8, 2023) (plaintiff's interpretation of label statement implausible).

---

[1] AAFCO > Consumers > Understanding Pet Food > Natural, at http://tinyurl.com/2p8r6vv4 (last visited April 14, 2024).

RE: *Pietres, et al. v. Nestlé Purina PetCare Company*, No. 7:23-cv-08959
May 6, 2024
Page 5

***Plaintiffs' Common Law Claims Fail.*** Plaintiffs' common law claims also fail because they do not allege privity of contract, which is fatal to their breach of express warranty claim. *Klausner v. Annie's, Inc.*, 581 F. Supp. 3d 538, 550 (S.D.N.Y. 2022) (Halpern, J.). The unjust enrichment claim is duplicative of their GBL claims and must be dismissed on that basis. *Id*. at 551-52; *Reyes v. Crystal Farms Refrigerated Distrib. Co.*, 2019 WL 3409883, at *5 (E.D.N.Y. July 26, 2019) (citing cases).

Sincerely,

Keri E. Borders