# BURSOR & FISHER
P.A.

1330 Avenue of the Americas
32nd Floor
New York, NY 10019
www.bursor.com

JOSHUA D. ARISOHN
Tel: 646.837.7127
Fax: 212.989.9163
jarisohn@bursor.com

May 7, 2024

**Via ECF**

The Honorable Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

  **Re:  Pietres, et al. v. Nestlé Purina PetCare Company, No. 7:23-cv-08959 (S.D.N.Y.)**

Dear Judge Halpern:

  I represent Plaintiffs in the above-referenced matter.  I write pursuant to Section 4(C)(iii) of the Court's Individual Rules of Practice in response to Defendant Nestlé Purina Petcare Company's ("Defendant" or "Purina") May 6, 2024 letter on its anticipated motion to dismiss ("Ltr.").  Plaintiffs will oppose Defendant's motion.

**I.  Plaintiffs Have Standing To Represent Purchasers Of Substantially Similar Products**

  Defendant argues that "Plaintiffs lack Article III standing to bring claims as to products included in brand lines that they did not purchase." Ltr. at 2.  However, this argument is unripe.  Courts in this Circuit have consistently held that challenges to class certification at the pleading stage are premature.  *See, e.g.*, *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464 (S.D.N.Y. 2013).  The Court should reject Defendant's premature challenge to class certification at this stage.  In any event, the claims in this case are about Defendant's deceptively marketing its Products as natural despite containing synthetic ingredients.  *See* First Amended Complaint ("FAC") (ECF No. 27) ¶¶ 1-3, 13-20.  Plaintiffs are seeking to represent purchasers of products that include the same representations.  *Id.* ¶¶ 1-3, 21-22.  Thus, there is sufficient similarity

among the Products to justify representing purchasers of products with the same actionable language. *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 277 (E.D.N.Y. 2021) ("Here, to the extent class standing must be addressed at this stage, the Products (both purchased and unpurchased) are sufficiently similar to support plaintiff's class standing at this time. Specifically, the nature and content of the specific misrepresentation alleged is similar because the Products were all sold and marketed by defendants and possessed the same allegedly deceptive representation that the underlying ingredients were 'natural.'") (citations omitted).

**II.     The Product's Label Is Misleading To A Reasonable Consumer**

Defendant next argues for the dismissal of Plaintiffs' claims because "Plaintiffs' claims are not plausible." Ltr. at 3. But this is wrong. As an initial matter, whether a "reasonable consumer" would be misled is a question of fact inappropriate for determination at the motion to dismiss stage. *See Cooper v. Anheuser-Busch, LLC*, 2021 WL 3501203, at *6 (S.D.N.Y. Aug. 9, 2021) ("Here, the Court cannot conclude, as a matter of law, that the Products' labeling 'would not be misleading to a reasonable consumer.' … Plaintiffs have cogently explained how reasonable consumers might be misled. … Such a mistake is not hard to imagine.") (citation omitted).

However, even if the Court were to undertake the "reasonable consumer" inquiry at this stage of the proceedings, Plaintiffs sufficiently allege that reasonable consumers would be misled because Defendant clearly claims the Products are "natural" on the Products' label, capitalizing on the preference of health-conscious pet owners to purchase pet food that is free from synthetic ingredients." FAC ¶ 2. "However, Defendant's Products contain multiple synthetic ingredients" as defined by the FDA and USDA. *Id*. ¶¶ 2, 18. "Reasonable consumers would understand Defendant's labeling to mean that the Products contain only natural ingredients, and not any synthetic substances." *Id*. ¶ 15. "Although Defendant includes 'with added vitamins, minerals &

nutrients' to its labeling, an ordinary person would understand Defendant's claim to mean that the 'added vitamins, minerals and nutrients' are natural as well." *Id.* ¶ 16. "Because the labeling claim uses the word 'and' rather than 'but,' and does not specify that the added vitamins, minerals and/or nutrients are synthetic, a reasonable consumer would expect that the 'added vitamins, minerals and nutrients' are natural as well." *Id.* "Regardless, some of the synthetic ingredients in the Products are not vitamins, minerals or nutrients, and so this phrase does nothing to detract from the falsity of Defendant's misrepresentations." *Id.*

Similar allegations have been found to sustain the same claims both in New York and elsewhere. *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *13 (E.D.N.Y. Aug. 29, 2013) ("In Frito–Lay's view, it would thus be objectively unreasonable for any consumer to view the inclusion of the word 'natural' on a product label as an implicit representation that the corn from which the product is made is GMO-free. … The Court [concludes] that what a reasonable consumer would believe raises a factual dispute that cannot properly be resolved on a motion to dismiss."); *Thurston v. Bear Naked, Inc.*, 2012 WL 12845621, at *8 (S.D. Cal. July 16, 2012) ("Plaintiffs allege … that reasonable consumers understand '100% Natural' and '100% Pure & Natural' to mean that no synthetic or artificial ingredients are included, that reasonable consumers lack the means to verify the truthfulness of those claims, and that, after relying on the labels, a reasonable consumer would not expect any artificial or synthetic ingredients in Defendant's products. … Whether a reasonable consumer would be deceived by the labels is better suited for summary judgment. Accordingly, the Court declines to grant Defendant's motion to dismiss Plaintiffs' UCL, FAL, and CLRA causes of action.").

Defendant attempts to take refuge in guidelines put out by the Association of American Feed Control Officials ("AAFCO"), which is a private trade association of which Defendant is a

member. Ltr. at 3. However, every Court that has examined this issue has universally rejected Defendant's argument. *See, e.g.*, *Grossman v. Simply Nourish Pet Food Co. LLC*, 516 F. Supp. 3d 261, 280 (E.D.N.Y. 2021) ("[T]his Court declines to adopt the AAFCO guidelines discussing 'natural' claims in this instant case, and thus, the defendants' contention that its Products are 'AAFCO-compliant' bears no dispositive weight in deciding this motion. … Several district courts have declined to adopt the AAFCO's guidelines on 'natural' representations, and this Court similarly finds no authority requiring it to follow these standards."); *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 914 (E.D. Cal. 2020) ("[P]laintiff is correct that the AAFCO's guidelines are not an enforceable provision of California law."); *Blue Buffalo Co. v. Nestle Purina Petcare Co.*, 2015 WL 3645262, at *5 (E.D. Mo. June 10, 2015) ("Purina claims that any representations made in their product labels 'cannot plausibly be false and misleading to a reasonable consumer' because it has complied with the Food and Drug Administration ("FDA")'s product identification regulations and AAFCOs pet food labeling regulations, which Connecticut has codified into state law. Despite Purina's argument to the contrary, there is no legal authority for the proposition that no reasonable consumer could be misled by labeling that complies with FDA and AAFCO regulations.").

### III. Plaintiffs Have Properly Pleaded Their Other Claims

Defendant then argues that Plaintiffs have not stated claims for express warranty. Ltr. at 4. But this is wrong. *Thurston v. Bear Naked, Inc.*, 2012 WL 12845621, at *8 (S.D. Cal. July 16, 2012); *Murrin v. Ford Motor Co.*, 303 A.D.2d 475, 477 (2003) ("[P]rivity is not required to sustain a cause of action seeking to recover damages for breach of an express warranty"); *Mancuso v. RFA Brands, LLC*, 454 F. Supp. 3d 197, 207 (W.D.N.Y. 2020) ("The weight of authority, post-Randy Knitwear, accordingly holds that privity is 'not require[d] ... between a

consumer and a manufacturer where the plaintiff alleges breach of an express warranty and seeks only economic damages.'") (citations omitted).

Additionally, Plaintiffs have adequately pled their unjust enrichment claims, which may be pled in the alternative. *LivePerson, Inc. v. 24/7 Customer, Inc.*, 83 F. Supp. 3d 501, 519 (S.D.N.Y. 2015).

                                  Very truly yours,

                                  Joshua D. Arisohn